UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SHAYNE MICHAEL FELL,
    Plaintiff,

vs.                                                    Case No.: 3:22cv17824/MCR/ZCB

NOLAN WEEKS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This *pro se* prisoner civil rights case is before the Court on Plaintiff's "Request for Protective Order/Injunction Against Retaliation." (Doc. 14). For the reasons below, the undersigned recommends that Plaintiff's motion be denied.

### I. Background

Plaintiff is a pretrial detainee at the Okaloosa County Jail. (Doc. 1 at 2). Plaintiff filed his complaint on September 13, 2022, but did not pay the initial partial filing fee until February 1, 2023. (Docs. 1, 18). Plaintiff's complaint names two Okaloosa County Jail officials—(1) Nolan Weeks, and (2) April McDaniels. (Doc. 1 at 2). Plaintiff's complaint alleges violations of state, federal, and international law based on Okaloosa County Jail's deduction of $30.00 from his inmate account to satisfy a civil restitution lien for subsistence costs incurred during Plaintiff's 2013 arrest. (*Id.* at 7-9); *see also* Fla. Stat. § 951.033 (permitting detention facilities to

1

collect "all or a fair portion of their daily subsistence costs" from prisoners). Plaintiff seeks monetary relief, as well as declaratory and injunctive relief. (Doc. 1 at 10).

Four months after filing his complaint but before paying the initial partial filing fee, Plaintiff filed a "Request for Protective Order/Injunction Against Retaliation." (Doc. 14). In his motion, Plaintiff asserts that Defendant Weeks ordered his subordinates to confiscate Plaintiff's multimedia tablet, "thus hindering the plaintiff's access to his inmate debt account, grievances, requests, law library, etc." (*Id.* at 1). Plaintiff claims this is "a retaliatory action intended to interfere" with Plaintiff's ability to prosecute this case. (*Id.*). Plaintiff requests the Court enter a "protective order" preventing Defendant Weeks and other Okaloosa County Jail officials from retaliating against him. (*Id.* at 2).

## II.   Discussion

Plaintiff's motion for preliminary injunctive relief should be denied because he bases his motion on events unrelated to the matters set forth in his complaint. The purpose of preliminary injunctive relief is to preserve the status quo between the parties and prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *All Care Nursing Serv. V. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989). This necessitates that the relief sought in the motion be closely related to the conduct

2

complained of in the actual complaint. *Devose*, 42 F.3d at 471; *Penn v. San Juan Hosp.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

In his motion for preliminary injunction, Plaintiff complains of acts of alleged retaliation for filing this lawsuit.[1] (Doc. 14 at 1). He seeks an order preventing Defendant Weeks and his subordinates from retaliating against him. (*Id.*). The events underlying Plaintiff's complaint, however, have to do with Defendants' denying Plaintiff's grievances requesting a refund for the wrongfully collected $30 subsistence costs from his 2013 booking. (Doc. 1). He seeks relief related only to the jail's deduction of $30 from his account. (*Id.* at 10).

Even though Plaintiff believes Defendant Weeks's actions are in retaliation for filing this suit, that does not make the claims closely related.[2] *Davis v. Daniels*, No. 3:20cv5935, 2022 WL 1205329, at *2 (N.D. Fla. Feb. 8, 2022), report and recommendation adopted, 2022 WL 1204100 (N.D. Fla. Apr. 22, 2022); *Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) (finding motion not closely related where "the only connections between the underlying lawsuit and the motion for a

---

[1] At least one of Plaintiff's arguments in favor of a preliminary injunction is now moot. Plaintiff claimed Defendant Weeks and his subordinates were preventing him from paying the initial partial filing fee from his inmate account. (Doc. 14 at 1). The Court has since received Plaintiff's initial partial filing fee. (Doc. 18).

[2] If Plaintiff believes that Defendants are retaliating against him for filing grievances or lawsuits, he may amend his complaint to state such a claim. Plaintiff's current complaint, however, does not allege this. The Court has provided Plaintiff with an opportunity to amend his complaint, including directing the Clerk of Court to send Plaintiff a blank complaint form.

3

preliminary injunction are that both involve the plaintiffs and the defendants, and that the plaintiffs believe the defendants are retaliating against them because of the underlying lawsuit . . . this connection to the complaint is insufficient"). Because Plaintiff's motion for preliminary injunction is not based on matters set forth in the complaint, Plaintiff's motion should be denied. *See, e.g.*, *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) (holding that "any motion for either a preliminary or permanent injunction must be based upon a cause of action"); *Torres Puello v. Guerrero Mendez*, No. 5:20cv198, 2020 WL 4004481, at *2 (M.D. Fla. June 15, 2020), report and recommendation adopted, 2020 WL 4001896 (M.D. Fla. July 15, 2020) (denying motion for injunctive relief because the plaintiff's request for an injunction was not related to the underlying claims in his complaint).

Further, to the extent Plaintiff seeks an injunction against non-parties (Defendant Weeks's "subordinates"), the Court lacks jurisdiction to grant such relief. Courts "have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it." *E.A. Renfroe & Co., Inc. v. Moran*, 338 F. App'x 836, 838-39 (11th Cir. 2009) (internal quotation marks omitted). Because Defendant Weeks's "subordinates" are not parties to this action, the Court lacks subject matter jurisdiction to grant an injunction against them. *See, e.g.*, *Jackson v. Baisden*, No. 21-13004, 2022 WL

610314, at *1 (11th Cir. 2022) (holding the district court lacked subject matter jurisdiction to grant an injunction against a non-party); *In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (affirming that the district court lacked subject matter jurisdiction to issue a preliminary injunction against a non-party).

### III.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that Plaintiff's "Request for Protective Order/Injunction Against Retaliation," (Doc. 14), be **DENIED**.

At Pensacola, Florida this 24th day of February 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**